In the Matter of the Opening of LUDLOW STREET in the City of Yonkers.

JAMES B. LUDLOW et al., as Executors of THOMAS W. LUDLOW, Deceased, Appellants; THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

RAILROADS — PROVISIONS OF CHAPTER 754 OF LAWS OF 1897, AMENDING SECTION 61 OF RAILROAD LAW, MUST BE COMPLIED WITH, ALTHOUGH PROCEEDING TO LAY OUT STREET ACROSS RAILROAD TRACKS WAS COMMENCED BEFORE ENACTMENT OF STATUTE. The provisions of chapter 754 of the Laws of 1897, amending section 61 of the Railroad Law (L. 1890, ch. 565), are intended to require the steps named therein to be taken

by municipalities in the laying out of streets across railroads in addition to the requirements of their several charters and existing general law; and the determination of the authorities of a city, in a proceeding to lay out a street across the tracks of a steam railroad, although initiated by petitioners before the enactment of the statute, and in conformity with the charter, but not acted upon by the common council otherwise than by reference to the board of street opening until after the statute took effect, is ineffectual to authorize subsequent proceedings taken under such determination, where no opportunity was given to the railroad corporation to be heard before the municipal authorities upon the question of the necessity of such street, and no application was made to the board of railroad commissioners for permission to lay out such street across the railroad tracks, as required by the statute.

*Matter of Ludlow Street,* 59 App. Div. 180, affirmed.

(Argued November 10, 1902; decided December 9, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 25, 1901, which affirmed an order of Special Term vacating the appointment of commissioners of estimate and assessment in proceedings to open Ludlow street, in the city of Yonkers, and all proceedings subsequent thereto.

The facts, so far as material, are stated in the opinion.

*James B. Ludlow* and *B. Learned Hand* for appellants. The Grade Crossing Law does not apply to the proceeding which was vacated and set aside by the order appealed from. (*Craig* v. *Town of Andes,* 93 N. Y. 405; *People ex rel.* v. *Nash,* 15 N. Y. Supp. 29; *City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.,* 165 N. Y. 142; *Matter of D. & H. C. Co.,* 129 N. Y. 105; *People ex rel.* v. *Keller,* 157 N. Y. 90; *People ex rel.* v. *N. Y. C. & H. R. R. R. Co.,* 158 N. Y. 410; *Matter of Waverly,* 158 N. Y. 710.) In no event was the court below warranted in making an order vacating the order of April 30, 1898, which was an order duly made in a condemnation proceeding and all proceedings subsequent thereto. (*Matter of Zborowski,* 68 N. Y. 88; *Whitney* v. *Mayor, etc.,* 6 Abb. [N. C.] 329; *People* v. *Yonkers,* 39 Barb. 266; *People ex rel.* v. *Rochester,* 5 Lans. 11; *Matter of Folsom,* 2 T. & C. 55; 56 N. Y. 60; *Lyth* v. *City of Buffalo,* 48 Hun,

175; *D. C. M. Ins. Co.* v. *Van Wagonen*, 132 N. Y. 398; *Matter of Comrs. of Central Park*, 50 N. Y. 493, 495–497; *Matter of Board of Street Opening*, 111 N. Y. 581, 583; *People ex rel.* v. *D., L. & W. R. R. Co.*, 11 App. Div. 280; 159 N. Y. 545.)

*Ira A. Place* and *Robert A. Kutschbock* for respondent. The application made by the railroad company to vacate and set aside the order appointing commissioners was the proper remedy. (*Matter of N. F. & W. R. Co.*, 121 N. Y. 319; *Matter of One Hundred and Eighty-first Street*, 35 N. Y. S. R. 548; 126 N. Y. 641; *Matter of One Hundred and Sixty-third Street*, 61 Hun, 365.) The determination of this municipal corporation of April 11, 1898, determining the street to be necessary, and each and every step taken by the municipal corporation subsequent thereto, is wholly void. (*People ex rel.* v. *N. Y. C. & H. R. R. R. Co.*, 158 N. Y. 410; *City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.*, 32 App. Div. 474; 165 N. Y. 142; *Matter of Vil. of Waverly*, 35 App. Div. 40; *Matter of Third Ave.*, 30 App. Div. 256; *Matter of Delavan Ave.*, 167 N. Y. 256.) The provisions of section 61 of the Railroad Law applied to and governed this proceeding. (*People ex rel.* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 570; *People ex rel.* v. *N. Y. C. & H. R. R. R. Co.*, 158 N. Y. 410; *Brehm* v. *Mayor, etc.*, 104 N. Y. 190; *Southwick* v. *Southwick*, 49 N. Y. 510; *Matter of Davis*, 149 N. Y. 539.)

PARKER, Ch. J. In pursuance of the charter of the city of Yonkers, certain property owners, on November 23, 1896, filed a petition with the common council of that city praying that a street be so laid out that it should cross the steam surface railroad of the respondent. The petition was on that day duly referred to the board of street opening, which reported thereon on December 27, 1897, approving the petition. In the meantime, however, chapter 754 of the Laws of 1897 was passed — taking effect July 1, 1897, some months

before the report was made — which act so amended the Railroad Law that the first part of section 61 was made to read as follows:

" When a new street, avenue or highway, or new portion of a street, avenue or highway shall hereafter be constructed across a steam surface railroad, such street, avenue or highway, or portion of such street, avenue or highway, shall pass over or under such railroad or at grade as the board of railroad commissioners shall direct. Notice of intention to lay out such street, avenue or highway, or new portion of a street, avenue or highway, across a steam surface railroad, shall be given to such railroad company by the municipal corporation at least fifteen days prior to the making of the order laying out such street, avenue or highway by service personally on the president or vice-president of the railroad corporation, or any general officer thereof. Such notice shall designate the time and place and when and where a hearing will be given to such railroad company, and such railroad company shall have the right to be heard before the authorities of such municipal corporation upon the question of the necessity of such street, avenue or highway. If the municipal corporation determines such street, avenue or highway to be necessary, it shall then apply to the board of railroad commissioners before any further proceedings are taken, to determine whether such street, avenue or highway shall pass over or under such railroad, or at grade, whereupon the said board of railroad commissioners shall appoint the time and place for hearing such application, and shall give such notice thereof, as they judge reasonable, not, however, less than ten days, to the railroad company whose railroad is to be crossed by such new street, avenue or highway, or a new portion of a street, avenue or highway, to the municipal corporation and to the owners of land adjoining the railroad and that part of the street, avenue or highway to be opened or extended." The remaining part of the section has no direct bearing upon the question before the court.

After a careful examination of the section, in the light of

the object sought to be accomplished by the law-making power, our conclusion is that the legislature intended to require the steps named therein to be taken by municipalities in the laying out of streets across railroads, in addition to the requirements of their several charters and existing general law. The procedure provided for by the various charters throughout the state, differing as they do in detail, was to be left in force, as furnishing the general basis for laying out and opening new streets throughout the several municipalities; but in view of the public importance of the attempt to gradually do away with grade crossings, especially in dangerous locations, and of the fact that one-half of the expense was to be borne by the railroad corporation to be crossed by the new highway, it was deemed but just that the railroad corporation interested should have an opportunity to be heard before the municipal authorities on any such proposed new road; so this act was passed, providing that notice should be given of an intention to lay out such a street, avenue or highway and that it should be given by service personally upon the president or vice-president of the railroad corporation or any general officer thereof, and that such railroad corporation should have the right to be heard before the municipal authorities upon the question of the necessity of such street, avenue or highway.

In our view, as we have already suggested, it was the legislative purpose that this statute should apply to all the various charters of the state, imposing the additional requirements named therein upon the several municipalities seeking to open new highways across railroad tracks; so, after the board of street opening made their report and the common council took the proceedings required by the charter to open and lay out the highway, giving the notice required by the charter and taking the other steps, as it did, strictly in conformity therewith, there should have been observed in addition thereto the requirements of § 61 (*supra*), under which notice of the intention to lay out this street should have been given to the respondent, and an opportunity for hearing afforded in the

manner pointed out by the statute. In the event of a determination by the municipal authorities to lay out the highway, then, as required by the statute, and before any other proceedings were taken, application should have been made to the board of railroad commissioners for them to decide whether the street should be carried across the railroad, over or under or at grade. These steps having been omitted by the local authorities, it follows that the subsequent proceedings had by direction of the municipal authorities, viz., the application for the order at Special Term appointing commissioners to estimate and assess the expenses of the improvement and the amount of damages and the benefits, and all subsequent proceedings in pursuance thereof, were without authority. The courts below, therefore, properly held that upon the application of the respondent those proceedings should be set aside.

The order should be affirmed, with costs.

O'BRIEN, BARTLETT, HAIGHT, MARTIN, VANN and CULLEN, JJ., concur.

Order affirmed.