In the Matter of the Application of the CITY OF NEW
    YORK, Respondent, Relative to Acquiring Title to
    Lands Required for the Opening and Extending of
    West One Hundred and Thirty-fourth Street.

THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD
                COMPANY, Appellant.

**Railroads — municipal corporations — application must be
made to public service commission to determine whether street
crossing shall be under or over railroad tracks, or at grade,
before proceeding to acquire railroad lands by condemnation.**

Whenever a municipal corporation proposes to open a public
street across the tracks and right of way of a steam railroad com-
pany, section 90 of the Railroad Law (Cons. Laws, ch. 49) requires
that an application be made to the public service commission,
for a determination, as to whether the street should pass over or
under such railroad, or at grade, before an application is made to
the Supreme Court for the appointment of commissioners of esti-
mate and assessment to appraise the lands and property of the
railroad company required for the opening of the street.

*Matter of City of New York (West 134th Street)*, 143 App. Div. 258,
reversed.

(Argued February 12, 1912; decided February 20, 1912.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered April 29, 1911, which reversed an order of
Special Term dismissing the petition herein so far as it
refers to lands of the appellant. .

The facts, so far as material, and the question certified
are stated in the opinion.

*George H. Walker, H. J. Uhl* and *Ira A. Place* for
appellant. The question certified to this court should be
answered in the affirmative. (L. 1910, ch. 481, § 90;
*People ex rel. v. N. Y. C. & H. R. R. R. Co.*, 158 N. Y.
410; *Matter of City of New York*, 174 N. Y. 26; *N. Y.
C. & H. R. R. R. Co. v. Untermyer*, 133 App. Div. 146;

30

196 N. Y. 531; *Matter of Ludlow St.*, 172 N. Y. 542; *N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo*, 128 App. Div. 373; 200 N. Y. 113.)

*Archibald R. Watson, Corporation Counsel (Joel J. Squier* and *F. W. Gahrmann* of counsel), for respondent. The finding, that the failure on the part of the city of New York to apply under section 61 (now section 90) of the Railroad Law, to the state board of railroad commissioners to determine the manner in which West One Hundred and Thirty-fourth street shall be carried over the tracks of the New York Central and Hudson River Railroad Company operates to prevent the institution of this proceeding to acquire title to the street, was error. (*N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo*, 200 N. Y. 113.)

Haight, J. The question certified is as follows:

" The municipal authorities, upon notice to and after hearing the New York Central and Hudson River Railroad Company, having determined that it is necessary for the public interests to open 134th Street between Tenth Avenue and the Hudson River across the line of the New York Central and Hudson River Railroad Company, is it necessary to apply to the Public Service Commission under the provisions of Section 90 (formerly Section 61) of the Railroad Law for a determination as to whether the street should pass over or under such railroad or at grade before an application is made to the Supreme Court for the appointment of commissioners of estimate and assessment to acquire title to such lands, tenements and hereditaments as are required for the opening of the said street wherever the same has not been theretofore acquired by the public authorities ? "

The petition upon which these proceedings were instituted by the city of New York is dated April 29th, 1904, and the prayer is that three discreet and disinterested per-

sons be appointed commissioners of estimate and assessment and the order entered thereon at Special Term and now brought up for review bears date the 6th day of May, 1908. At that time section 61 of the Railroad Law, as amended by chapter 520 of the Laws of 1898, was in force and provided as follows:

" When a new street, avenue or highway, or new portion of a street, avenue or highway shall hereafter be constructed across a steam surface railroad, other than pursuant to the provisions of section sixty-two of this act, such street, avenue or highway or portion of such street, avenue or highway, shall pass over or under such railroad or at grade as the board of railroad commissioners shall direct. Notice of intention to lay out such street, avenue or highway, or new portion of a street, avenue or highway, across a steam surface railroad, shall be given to such railroad company by the municipal corporation at least fifteen days prior to the making of the order laying out such street, avenue or highway by service personally on the president or vice-president of the railroad corporation, or any general officer thereof. Such notice shall designate the time and place and when and where a hearing will be given to such railroad company, and such railroad company shall have the right to be heard before the authorities of such municipal corporation upon the question of the necessity of such street, avenue or highway. If the municipal corporation determines such street, avenue or highway to be necessary, it shall then apply to the board of railroad commissioners before any further proceedings are taken, to determine whether such street, avenue or highway shall pass over or under such railroad, or at grade, whereupon the said board of railroad commissioners shall appoint a time and place for hearing such application, and shall give such notice thereof, as they judge reasonable, not, however, less than ten days, to the railroad company whose railroad is to be crossed by such new street, avenue or highway, or new

portion of a street, avenue or highway, to the municpal corporation and to the owners of land adjoining the railroad and that part of the street, avenue or highway to be opened or extended.   The said board of railroad commissioners shall determine whether such street, avenue or highway, or new portion of a street, avenue or highway, shall be constructed over or under such railroad or at grade; and if said board determine that such street, avenue or highway shall be carried across such railroad above grade, then said board shall determine the height, the length and the material of the bridge or structure by means of which such street, avenue or highway shall be carried across such railroad, and the length, character and grades of the approaches thereto; and if said board shall determine that such street, avenue or highway shall be constructed or extended below the grade, said board shall determine the manner and method in which the same shall be so carried under, and the grade or grades thereof, and if said board shall determine that said street, avenue or highway shall be constructed or extended at grade, said board shall determine the manner and method in which the same shall be carried over said railroad at grade and what safeguards shall be maintained.   The decision of the said board as to the manner and method of carrying such new street, avenue or highway, or new portion of a street, avenue or highway, across such railroad, shall be final, subject, however, to the right of appeal hereinafter given.   The decision of said board rendered in any proceeding under this section shall be communicated within twenty days after final hearing to all parties to whom notice of the hearing in such proceeding was given or who appeared at such hearing by counsel or in person."

This statute has been subsequently amended and is now known as section 90 of the Railroad Law of 1910 (Cons. Laws, ch. 49); but in so far as the statute pertains to the question now under consideration the pro-

visions of section 90 are the same as those of the former section 61, except the changing of the name of the board of railroad commissioners therein to that of the public service commission.

It will be observed that, under the provisions of this statute, after a municipal corporation determines a street, avenue or highway to be necessary "it shall then apply to the board of railroad commissioners before any further proceedings are taken, to determine whether such street, avenue or highway shall pass over or under such railroad or at grade." It is difficult to conceive of language that would more clearly indicate the legislative intent than that above expressed, "before *any* further proceedings are taken."' What proceedings? *Any* proceedings; and yet the Appellate Division has reached the conclusion that this statute does not mean further proceedings to acquire the title to the land. In this conclusion we think that the learned Appellate Division erred. This question we had under consideration in *Matter of Opening of Ludlow Street, City of Yonkers* (172 N. Y. 542). In that case the petition asked for the laying out of a street across a steam surface railroad. Before a report had been made upon the petition, chapter 754 of the Laws of 1897 was passed, which amended section 61 of the Railroad Law so as to require notice to be given to the president or vice-president of the railroad corporation. This notice was not given and we held it to be necessary; PARKER, Ch. J., speaking for the court, saying that the "Notice of the intention to lay out this street should have been given to the respondent, and an opportunity for hearing afforded in the manner pointed out by the statute. In the event of a determination by the municipal authorities to lay out the highway, then, as required by the statute, *and before any other proceedings were taken*, application should have been made to the board of railroad commissioners for them to decide whether the street should be carried across the railroad, over or under or at grade." (p. 546.) It *is*

true that the language quoted may not have been strictly necessary in the determination of the question then under review, but it clearly indicated the understanding of the meaning of the section by the court at that time. It is in accord with the strict letter of the statute. Its purpose is obvious. It is important that the commissioners of estimate and assessment should be advised in advance of the nature and character of the interests of the railroad company to be taken in order to determine the damages that should be awarded to it. If the street is to cross under or above the railroad tracks a very different question may be presented from that where the street is to cross the tracks at grade. If they cross at grade the easement of the railroad company in the operation of its trains may be more seriously affected than by an under or over crossing. The power to determine this question was then vested in the board of railroad commissioners, now in the public service commission, and in our view the statute contemplated the determination of that question by that commission before the city should proceed to appraise the property interests of the railroad corporation and acquire title for the crossing.

It is now suggested that a different conclusion was reached by this court in the case of *N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo* (200 N. Y. 113); but in that case the action was brought by the railroad company to restrain the city from extending Delevan avenue, in the city of Buffalo, across the plaintiff's tracks at grade. There the title to the lands across the railroad track had been acquired by the city by proceedings instituted in 1867, and one of the contentions on the part of the railroad company was that, inasmuch as the avenue had not been opened within six years from the time that the title was acquired, it ceased to become a highway and that the municipality had lost its right to have such a crossing. This contention was not sustained by the court, but it was held that the city could not proceed in con-

structing the avenue across the railroad tracks until it had applied to the public service commission to determine whether it should be constructed over, under or at grade. This we do not understand to be in conflict with anything that was said in the *Ludlow Street Case* (*supra.*)

The order of the Appellate Division should, therefore, be reversed and that of the Special Term affirmed, with costs in all courts, and the question certified answered in .the affirmative.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order reversed, etc.