This controversy arises over the construction of a bridge (and the approaches thereto) which carries Baychester avenue over the railroad line of the Harlem River and Port Chester Railroad Company (now leased to the New York, New Haven and Hartford Railroad Company) near Pelham Bay park in the borough of The Bronx. The plaintiff owns lands abutting on Baychester avenue and the erection of the bridge and its approaches has partly deprived him of the beneficial *Page 267 
use and enjoyment of his easements of light and air in and over the avenue and has interfered with convenient access to his premises, thus lessening the value thereof. The courts below have held that the erection of the bridge and its approaches was an unlawful obstruction of the highway because the requirements of section 61 of the Railroad Law, now section 90 of the present Railroad Law (L. 1910, ch. 481, constituting Cons. Laws, ch. 49, § 90, as amd. by L. 1913, ch. 744), were not complied with in that the consent of the board of railroad commissioners to the erection of the bridge was neither sought nor obtained. The court at Special Term found that the construction of the approaches to the bridge had impaired the value of the plaintiff's abutting land in the sum of $700, and the judgment restrains the defendant railroad company from continuing to maintain or use the bridge unless it pays the damages thus assessed.
Prior to the construction of the bridge Baychester avenue, or Main avenue as it was formerly called, did not cross the railroad line; and it appears to be conceded by all parties that there was no right of way at this point across the property of the road. Indeed, the trial court expressly found that the railroad "has always, down to the acquisition of Baychester avenue by the city, maintained gates at the northern side of its property across Baychester avenue which gates had locks thereon."
The opening of Baychester avenue across the railroad line was, therefore, the opening of a new street or new portion of a street; and this fact brought the case within the express terms of section 61 of the Railroad Law (L. 1890, ch. 565, amd. L. 1898, ch. 520) which provides: "When a new street, avenue or highway, or new portion of a street, avenue or highway, shall hereafter be constructed across a steam surface railroad, * * * such street, avenue or highway or portion of such street, avenue or highway, shall pass over or under such railroad or at grade as the board of railroad commissioners shall *Page 268 
direct." This section, as we construe it, applies only to cases where the street is new or the portion which crosses the steam surface railroad is new. Hence it had no application to the change of grade which was considered in McCabe v. City of NewYork (213 N.Y. 468) inasmuch as the structures which were therein assailed were not in a new street or new portion of an old street but were in Thomson avenue, a street one hundred feet wide leading from Long Island City out into Queens county which had been used as a public highway for many years.
The learned counsel for the city of New York contends that the construction of the bridge approach in the case at bar constituted an original grading of Baychester avenue; but whether this be so or not it certainly constituted the opening of a new portion of Baychester avenue which was to be constructed across a steam surface railroad and this fact made it incumbent upon the authorities under section 61 of the Railroad Law to apply to the board of railroad commissioners upon notice to the neighboring landowners to determine whether Baychester avenue should pass over or under the railroad or at grade. (Matter of City of NewYork [West 134th Street], 204 N.Y. 465.) The omission to take the steps prescribed by the statute in this respect rendered the opening of this new portion of Baychester avenue unlawful; and as the construction of the bridge and its approaches was an integral part of such opening their erection was also unlawful. It matters not that the railroad company and the municipal authorities had come to an agreement between themselves as to the manner in which the new portion of Baychester avenue should be opened and the crossing effected. They could not substitute their determination for that of the official body to whom the law had committed the decision of all questions as to the manner or method of carrying a new portion of a street across a steam surface railroad.
Under these circumstances we think that the courts *Page 269 
below were right in holding that the unlawful erection of the bridge and its approaches gave the plaintiff a right of action on account of resulting injury to the easement appurtenant to his property.
The form of the judgment, however, is incorrect. It should provide, not for the elimination of the overhead crossing in the event of the non-payment of plaintiff's damages, but only for its elimination if it is not now or is not hereafter made satisfactory to the public service commission which has succeeded to the functions of the board of railroad commissioners. All parties would suffer if the bridge were taken down leaving a gap in the street over the railroad tracks. What must be done is to comply with the requirements of the statute by carrying the street over the railroad in a manner which the public service commission shall approve. It is only because the approval of that body (or its predecessor, the board of railroad commissioners) has not been procured that the structure is unlawful and its erection has entitled the plaintiff to damages. The authorities should be afforded an opportunity to make it lawful by obtaining the approval of the commission to the crossing as it now exists or as it may decide that the crossing shall be changed. To this end the judgment should be modified so as to enjoin the defendant from maintaining the bridge which carries Baychester avenue across the defendant's railroad unless and until the said bridge and its approaches in their present or some modified form shall receive the sanction of the public service commission, signified by a determination made under section 90 of the existing Railroad Law; and in order to permit the city of New York to obtain such determination the operation of the injunction should be suspended for ninety days. In all other respects the judgment should be affirmed, with costs.
CHASE, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur; HISCOCK, J., not sitting.
Judgment accordingly. *Page 270