ANNE McCOY CAMPBELL, Respondent, *v.* NEW YORK EVENING POST, INC., Appellant.

First Department, December 3, 1926.

**Libel and slander** — alleged libelous statement was contained in defendant's newspaper and related to action commenced against plaintiff for fraud — article in question was rewritten from account contained in another paper — papers in fraud action were filed prior to time of publication — evidence — error to refuse to permit defendant to introduce evidence of other recoveries in actions based on same or similar statements — Civil Practice Act, § 338-a, provides that such evidence may be introduced on question of amount of verdict — said section, though passed after alleged libelous statement was published, and effective after action was commenced, is applicable — privilege — article as published was privileged under Civil Practice Act, § 337 — judicial proceeding existed since complaint and answer were filed in county clerk's office.

The plaintiff brings this action to recover damages for an alleged libelous statement contained in a newspaper published by the defendant, in which an account was given of an action commenced against the plaintiff for fraud. The article forming the basis of this action was rewritten from an account contained in another New York newspaper and was published after the complaint and answer in the fraud action had been filed in the county clerk's office.

It was error for the court to refuse to admit evidence, on the question of the amount of damages, as to the amount of recoveries had by the plaintiff in actions against other newspapers based on the same or similar statements, for section 338-a of the Civil Practice Act makes admissible the evidence rejected. The fact that said section, which was added by chapter 635 of the Laws of 1924, was enacted after the alleged publication, and became effective after the action was commenced, does not prevent its application to this action, since the statute is procedural, establishes a rule of evidence merely, and does not affect any substantive right of the plaintiff.

Furthermore, the plaintiff cannot recover in this action and the complaint must be dismissed, since it appears that the article forming the basis of the action is a fair and true report of a judicial proceeding, within section 337 of the Civil Practice Act, and that it is based upon the complaint and answer filed in the action brought against the plaintiff to recover damages for fraud.

A judicial proceeding existed, within the meaning of section 337 of the Civil Practice Act, at least as soon as the complaint and answer in the action for fraud were filed in the county clerk's office.

APPEAL by the defendant, New York Evening Post, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of June, 1926, upon the verdict of a jury for $8,000, and also from an order entered in said clerk's office on the 30th day of June, 1926, denying defendant's motion for a new trial made upon the minutes.

*David Paine* of counsel [*White & Case*, attorneys], for the appellant.

*W. Davis Conrad* of counsel [*William B. Gray, Jr.*, with him on the brief; *Carson & Conrad*, attorneys], for the respondent.

MERRELL, J.   The action was brought to recover damages for an alleged libelous publication by the defendant, New York Evening Post, Inc., of and concerning the plaintiff, Anne McCoy Campbell. The plaintiff is a Christian Science practitioner in the city of New York and had as a patient a fellow-member of her church by the name of Elizabeth F. Nichols.   In December, 1921, Mrs. Nichols brought action in New York county against the plaintiff herein and against a man, variously known as Canton, Cantor and Kantrowitz, to recover the sum of $16,000 damages which said Nichols alleged she sustained as the result of a fraud perpetrated upon her by the plaintiff herein and by said Cantor or Kantrowitz.   The evidence shows that the summons in the fraud action was personally served upon the plaintiff herein on December 30, 1921, and was regular in form, signed by a firm of attorneys for the plaintiff. The complaint, verified by the plaintiff Nichols, was served February 20, 1922.   The allegations of the plaintiff's complaint were upon the actual knowledge of the plaintiff, and were not upon information and belief.   The plaintiff herein duly appeared in said action by attorney, who also appeared for the plaintiff's codefendant, Canton, and on March 27, 1922, an answer in the fraud action, in behalf of the plaintiff herein as defendant in said action, was served on the attorneys for the plaintiff therein, and on the day following, March 28, 1922, said answer was filed in the office of the clerk of New York county.   On the day following the complaint in said fraud action was filed in said county clerk's office.   Immediately after the filing of the plaintiff's complaint in the fraud action a reporter for the New York *Times* discovered it and his discovery was reported to his newspaper and a reporter of the *Times* called upon the defendant Campbell, the plaintiff

herein, and secured from her a statement as to the charges of fraud made against her by the plaintiff Nichols. Following such interview the New York *Times,* on March 30, 1922, published an article concerning the charges against the defendant Campbell contained in the complaint on file in the county clerk's office. The *Times'* article was under the heading, " Woman Sues Healer and an Inventor." On the same day the New York *Sun,* another morning paper published in the city of New York, published an account of the pending fraud action under the heading, " Sues Science Healer for Fraud," and on the same morning similar articles appeared in the New York *World* and in the evening *World* of that day, the morning *World's* article being under the heading, " Science Healer Sued for $16,000." The evening *World's* article was published under the heading, " Science Healer Is Sued By Woman Who Seeks $16,000." On the evening of March 30, 1922, there was published in the defendant's newspaper a comparatively short article rewritten from the article appearing in the New York *Times* the same morning, defendant's article, for which plaintiff seeks damages herein, being under the heading, " Healer and Inventor Face Swindle Charge." The article of which the plaintiff complains, and which appeared in the New York Evening *Post* of March 30, 1922, was as follows:

" Healer and Inventor Face Swindle Charge
" Mrs. Elizabeth Nichols Says They Took $16,000 From Her Through Fraud

" Mrs. Anne McCoy Campbell, widely known as a Christian Science practitioner, and Allen A. Canton were named as co-defendants in a suit filed yesterday in the Supreme Court by attorneys for Mrs. Elizabeth S. Nichols, a wealthy widow. Mrs. Nichols is seeking to recover $9,000 which she alleged she invested in a company promoted by the defendants, and a loan of $7,000 which she says she made to them.

" When the news of the suit was brought to her in her office in Aeolian Hall Building yesterday, Mrs. Campbell was agitated to the point of tears. She said that Mrs. Frederick W. Vanderbilt and many others of social prominence had been her friends for years, and produced a card from Mrs. Vanderbilt. She also defended Mr. Canton, saying that he had associated with him in his business enterprises many men of importance in Washington, among them Commander C. G. Mayo, U. S. N.

" In the papers filed yesterday attorneys for Mrs. Nichols, who lives at the Hotel Schuyler, but was said yesterday to be passing the winter in the South, alleged that Mrs. Campbell obtained ' a

great and controlling mental influence over Mrs. Nichols.' Mrs. Nichols visited Mrs. Campbell for professional reasons, it was said, and placed in her the fullest confidence. Through Mrs. Campbell she was introduced to Allen A. Canton, who was said to be a ' very prominent inventor,' and she was persuaded to invest money in the 'A. A. C. Patents, Inc.' Among other things that Canton claimed to have invented was a new automobile motor so powerful that it wrecked the testing blocks in the Columbia University testing laboratory, an anti-submarine device which enabled the British to win the war by keeping the German fleet bottled up, and a carburetor for which the Ford Motor Car Company had offered to pay him $2,000,000 as an advance on the first year royalties."

It was not until nearly two years after the publication of said article, or on March 12, 1924, that the present action was brought by the plaintiff to recover of the defendant damages in the sum of $110,000, claimed to have been suffered by the plaintiff as the result of the alleged libelous publication. In the meantime and on January 16, 1924, the fraud action brought by the Nichols woman against the plaintiff and Canton was discontinued as to the plaintiff herein. At the trial of the libel action, which resulted in the judgment appealed from, the principal defense interposed by the defendant was that the article of which the plaintiff complained was a fair and true report of a judicial proceeding, and was published without malice and in good faith, and that the same was privileged. At the time of the discontinuance of the fraud action brought by Mrs. Nichols against the plaintiff, the former made public retraction of the charges of fraud contained in her complaint. After such retraction the defendant made no attempt to prove that the fraud alleged in the complaint against the plaintiff herein was true. The defendant published Mrs. Nichols' retraction in its night edition of April 28, 1924.

At the trial of the issues herein the trial court declined to receive evidence as to other recoveries secured by the plaintiff for the same libel for which the plaintiff sought to recover herein. The defendant sought to interpose proof that the plaintiff had already had recoveries for the same libel against other newspapers. In offering such proof the defendant relied upon the provisions of section 338-a of the Civil Practice Act (added by Laws of 1924, chap. 635), said section providing as follows:

" § 338-a. Evidence in action for libel. At the trial of any civil action for libel, the defendant may prove, for consideration by the jury in fixing the amount of the verdict, that the plaintiff has already recovered damages, or has received, or agreed to receive

compensation in respect of a libel or libels of a similar purport or effect as the libel for which such action has been brought."

The proof thus offered by the defendant was rejected by the trial court upon the ground that the statute above quoted was enacted by the Legislature in 1924, subsequent to the publication of the alleged libel herein and to the commencement of the present action, and that section 338-a of the Civil Practice Act was prospective and did not affect a libelous publication prior to the passage of the act; that the alleged libel for which the plaintiff was seeking a recovery having occurred in 1922, the section above quoted had no application, and that, therefore, the defendant could not introduce proof as to damages already recovered by the plaintiff for a libel of similar purport to that for which she was suing in the present action. We are of the opinion that the court clearly erred in declining to receive proof offered by the defendant as to other recoveries by the plaintiff for the same or similar libel. In our opinion the provisions of section 338-a were applicable to the facts as they existed at the time of the trial of the action; that said provision of law was procedural and did not affect the substantive rights of the plaintiff in any way. The section of the Civil Practice Act clearly gave to the defendant the right to prove the facts as to other recoveries as they existed at the time of the trial. We think the trial court erred in holding that since the provision of the statute in question did not go into effect until September 1, 1924, the alleged libel having preceded that date, that substantial rights of the plaintiff would be invaded by permitting the proof to be made. In our opinion the statute went to the remedy and not to the rights of the plaintiff in any respect. The statute had to do simply with the procedure, and in nowise detracted from plaintiff's vested rights. It stated merely a rule of evidence to be applied " at the trial of any civil action for libel," as stated in the section. As was said by Judge MARTIN in *Matter of Davis* (149 N. Y. 539, 545): " The procedure is controlled by the statute as it existed at the time this proceeding was instituted. It is a general rule that, in the absence of words of exclusion, a statute which relates to the form of procedure or the mode of attaining or defending rights, is applicable to proceedings pending or subsequently commenced. [Citing cases.] Hence, the rights of the parties depend upon the statute of 1885, while the method of procedure is governed by that of 1892."

There certainly were no " words of exclusion " in section 338-a of the Civil Practice Act, but, on the contrary, the section applies to the time of the trial of any civil action for libel. To the same effect, see *Neass* v. *Mercer* (15 Barb. 318, 322). In *Lazarus* v.

*M. E. R. Co.* (145 N. Y. 581) Chief Judge Andrews, writing for the Court of Appeals, said (at p. 585): " It is well settled that the Legislature may change the practice of the court and that the change will affect pending actions in the absence of words of exclusion. (*Southwick* v. *Southwick,* 49 N. Y. 510.) The court cannot under guise of an amendment or repeal of a statute cut off any substantial right of a party to have his case decided on the merits according to the law of the land. But it would be a very inconvenient rule, tending to great confusion, if a rule of practice existing when an action is commenced attaches itself to the substance of the right in litigation so that it could not be changed, or that a law changing procedure should be held inapplicable to subsequent proceedings in pending actions unless in terms made applicable thereto. It is the right of a party to have his case heard and decided in the orderly course of legal procedure, but he has no right to demand that the procedure prescribed when the action was commenced should remain unchanged."

The most recent pronouncement of the Court of Appeals upon this question is to be found in the case of *Sackheim* v. *Pigueron* (215 N. Y. 62). That case involved the amendment of the Code of Civil Procedure relative to the burden of proof of acts of contributory negligence on the part of the plaintiff's intestate. At the time of the accident which resulted in the death of plaintiff's intestate, the law, as it then stood, required the plaintiff to satisfy the trial court that he had established facts tending to show the absence of contributory negligence on the part of the deceased. Between the happening of the accident resulting in the death of plaintiff's intestate and the trial of the action, section 841-b of the Code of Civil Procedure (Laws of 1913, chap. 228) was enacted, which provided that " On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant." It was the contention of the defendant in that case that section 841-b of the Code affected the substance of the law and was not procedural. The Court of Appeals, however, held that the amendment established merely a rule of evidence and order of proof and operated only as a change of procedure, and that said amendment applied to an action to recover damages for death, although the accident causing death and the commencement of the action antedated the enactment of the statute. So it seems to us in the case at bar, the provisions of section 338-a were clearly procedural and in no degree affected any substantive right of the plaintiff. We are, therefore, of the opinion that the court, in refusing to receive evidence as to other recoveries by the plaintiff, committed reversible

error, which, of itself, would require a reversal of the judgment entered and the granting of a new trial.

However, we are of the opinion that in no event can the plaintiff recover in the present action, and that the plaintiff's complaint must be dismissed. We are of the opinion that the publication of the article in question was privileged, upon the ground that it was a fair and true report of a judicial proceeding within the meaning of the provisions of section 337 of the Civil Practice Act. That section provides as follows:

" § 337. Proof of malice in action for libel. An action, civil or criminal, cannot be maintained against a reporter, editor, publisher, or proprietor of a newspaper, for the publication therein of a fair and true report of any judicial, legislative or other public and official proceedings, without proving actual malice in making the report.

" This section does not apply to a libel contained in the heading of the report; or in any other matter added by any person concerned in the publication; or in the report of anything said or done at the time and place of the public and official proceedings which was not a part thereof."

The question was directly presented to the trial court in a request on the part of counsel for the defendant that the trial court charge the jury: " The filing of the summons and complaint in the case of *Nichols* v. *Campbell* in the County Clerk's Office, New York County, together with the filing of the answer, constitutes a judicial proceeding, the facts of which could be legally published by the defendant, New York Evening Post, or any other newspaper, provided it were fairly and accurately done and without malice." This request the court refused, and counsel for the defendant duly excepted to such refusal, and in this respect the court charged the jury as follows:

" The fact that the summons and complaint in the action brought by Mrs. Nichols against Mrs. Campbell were served upon Mrs. Campbell and filed in the County Clerk's office does not constitute a judicial proceeding and does not give the defendant the privilege of republishing such libellous matter concerning Mrs. Campbell." Exception was taken to such charge of the court. We are of the opinion that the court erred in thus instructing the jury and in refusing to charge as requested by counsel for the defendant. The evidence shows that the article in question was a fair and true report of the contents of the complaint in the action for fraud brought against the plaintiff herein. We think it cannot be questioned but what the complaint, which was placed on file in the office of the clerk of the county, the filing of the answer of the

plaintiff herein antedating by a day the filing of said complaint, was a step in a judicial proceeding. The pleadings in the action were undoubtedly placed on file in the office of the county clerk of New York county pursuant to the provisions of section 100 of the Civil Practice Act, which section provides that the summons and each pleading in an action must be filed with the clerk by the party in whose behalf it is served within five days after notice from the adverse party requiring such filing, and upon failure to comply with such notice, the court or a judge, in its or his discretion, may order that such summons or pleading be deemed abandoned either absolutely or upon failure to file within a time, if any, permitted by the order. While it does not appear that these pleadings were filed with the county clerk pursuant to notice or order of the court, it is, nevertheless, apparent that the pleadings were filed by the parties in due course. The practice under the Code of Civil Procedure (§ 824) required each party, within ten days after service of a pleading, to file the same with the county clerk, and in the event of failure to so file the adverse party was entitled to apply without notice for an order requiring the pleading to be filed within a time specified or be deemed abandoned. In any event, the pleadings in the case at bar from which the information contained in the alleged libelous article was obtained, were filed in the office of the county clerk of New York county by the attorneys for the respective parties. They became public property by such filing. With the exception of pleadings and papers in an action for absolute divorce, the papers in any action on file with the county clerk are public property, subject to inspection or examination by any one at any time, and papers once filed cannot be removed from the files, or the right of the public to inspect them denied, either by the parties or by the county clerk. We are of the opinion that the complaint in the fraud action against the plaintiff herein was a public document signalizing a step in a judicial proceeding. It was filed pursuant to law and at once became a public record in a public office and accessible to any one desiring to inspect the same. It seems to us idle to say that it was not a step in a judicial proceeding and properly the subject of comment and discussion in the public press.

Our attention is directed to only one case wherein an opposite view is suggested. In the case of *Williams* v. *New York Herald Co.* (165 App. Div. 529) there is certain *obiter dicta* wherein it is suggested that the privilege which affords immunity against falsity of the matter published is limited to reports of judicial proceedings, and that the courts had not as yet decided that the publication of papers merely filed and not presented to the court or registered

was such a judicial proceeding as protected one publishing the contents of such papers. That the suggestion in the opinion in the case of *Williams* v. *New York Herald Co.* was *obiter* clearly appears from the fact that the court in that case held with the defendant on another point and dismissed the complaint. The law is well settled that statements in an opinion *obiter dicta* are not controlling. As was said by Judge VANN in *Colonial City T. Co.* v. *Kingston R. R. Co.* (154 N. Y. 493, 495): " If, as sometimes happens, broader statements were made by way of argument or otherwise than were essential to the decision of the questions presented, they are the *dicta* of the writer of the opinion and not the decision of the court. A judicial opinion, like evidence, is only binding so far as it is *relevant*, and when it wanders from the point at issue it no longer has force as an official utterance." (Italics are the writer's.)

Chief Justice MARSHALL in *Cohens* v. *Virginia* (6 Wheat. 264) thus defines the rule: " It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

We are, therefore, of the opinion that a qualified privilege existed upon which the defendant properly relied in its report concerning the bringing of the action by Mrs. Nichols against the plaintiff. We think such publication was privileged and by reason of such privilege the plaintiff cannot recover in the present action. There was no evidence of any actual malice on the part of the defendant.

The judgment and order appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

CLARKE, P. J., DOWLING, McAVOY and BURR, JJ., concur.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.