JACK LANGFORD, Plaintiff, v. CHARLES A. DELALLE, Defendant.

Supreme Court, New York County, January 16, 1930.

*William K. Friedman*, for the plaintiff.

*Leo J. Rosett*, for the defendant.

TOWNLEY, J. Motion by plaintiff, pursuant to subdivisions 4 and 5 of rule 109 of the Rules of Civil Practice, and subdivision 2 of section 278 of the Civil Practice Act, to dismiss the defendant's counterclaim contained in amended answer, on ground that said counterclaim is not one which may be properly interposed in this action and that said counterclaim does not state facts sufficient to constitute a cause of action.

This action is by the plaintiff to recover alleged balance due on an account stated. The 4th paragraph in said amended answer clearly alleges and states a joint enterprise or a joint venture, in which the parties were to share in both the profits and losses, namely, the plaintiff at the rate of twenty per cent, and the defendant at the rate of eighty per cent. The defendant in his counterclaim does not ask for settlement and an accounting of the affairs

of this joint enterprise, nor does he claim that any account stated has been made between himself and the plaintiff.   As against his coadventurer the defendant demands only a money judgment for an alleged breach of contract of joint venture, and at law such an action cannot be maintained.   The rule is well established that neither joint venturers nor partners can sue each other at law for anything relating to the concerns of the joint enterprise until after a settlement and balance struck and an express promise to pay; that is to say, only after there has been an account stated between them. (*Arnold* v. *Arnold*, 90 N. Y. 580; *Turner* v. *Weston*, 133 id. 650.)

Were defendant to amend his counterclaim, so as to demand an accounting, nevertheless it could not be interposed in this action. The subject-matter in defendant's counterclaim is an entirely different enterprise from that in the plaintiff's complaint, and would not be embraced within the provisions of subdivision 1 of section 266 of the Civil Practice Act, since it does not arise out of the transaction set forth in the complaint, nor is it connected with the subject of plaintiff's action.   On the other hand, had there been an account stated between these parties prior to the commencement of this action, it could have been available here as a counterclaim, as within subdivision 2 of section 266 of the Civil Practice Act.

Motion is granted, with ten dollars costs, with leave to the defendant, if so advised, to serve an amended answer in respect to said alleged counterclaim within fifteen days after service of a copy of this order, with notice of entry upon payment of said ten dollars motion costs.   Order signed.