ISRAEL PERLMAN, Plaintiff, *v.* ARON PERLMAN and Others, Defendants.

Supreme Court, New York County, January 14, 1931.

*Cady, Schapiro & Schapiro [Arnold A. Jaffee* of counsel], for the plaintiff.

*Benjamin Antin,* for the defendants.

TOWNLEY, J. Plaintiff moves to strike out the third defense and counterclaim from present amended answer of the defendant Aron Perlman. Plaintiff, as assignee, sues for money loaned to defendants. By this third defense, also designated as a counterclaim, said defendant as the assignee of one of three alleged partners seeks an accounting of the affairs of the alleged partnership. The said defense and counterclaim is insufficient in law and cannot properly be interposed in this action because: (1) It does not arise out of the transaction set forth in the complaint, nor is it connected with the subject of plaintiff's action (Civ. Prac. Act, § 266, subd. 1); and (2) no " cause of action on contract," within the meaning of subdivision 2 of section 266 of the Civil Practice Act, exists in favor of any partner as against his copartners until a settlement has been made and a balance struck. (*Langford* v. *Delalle,* 136 Misc. 62, and cases there cited; Gilmore Partn. [1911 ed.] pp. 459, 466, *et seq.*) For the reasons above stated the question on this motion of claimed defect of parties is rendered immaterial. (See Civ. Prac. Act, § 262.)

I disagree, however, with plaintiff's contention that a setoff must be a liquidated debt. Our present counterclaim includes both setoff and recoupment, and within the limitations of subdivisions 1 and 2 of section 266 of the Civil Practice Act, any claim which will " tend to diminish or defeat the plaintiff's recovery " is a proper counterclaim and necessarily includes a proper claim for unliquidated damages. (See *Seibert* v. *Dunn,* 216 N. Y. 237.)

Motion is granted, with ten dollars costs. Order signed.