In the Matter of the Petition of the MAYOR AND COMMON COUNCIL OF THE CITY OF ONEIDA, under Section 91 of the Railroad Law, for an Alteration in the Crossing of James Street and the Railroad Operated by the New York Central Railroad Company in the City of Oneida, a Change in Its Location, or the Closing or Discontinuance of the Crossing, and the Opening of an Additional Crossing.

Orders affirmed, with fifty dollars costs and disbursements.

Hill, P. J., Bliss and Heffernan, JJ., concur; Crapser, J., dissents, with an opinion, in which McNamee, J., concurs.

CRAPSER, J. (dissenting). This is an appeal by the New York Central Railroad Company from an order of the Public Service Commission and from an order denying a rehearing.

The records shows that the citizens of Oneida have been anxious for many years to have this crossing altered, and to that end a petition bearing several hundred names was presented to the common council urging the laying out of an extension of Main street over the line of the railroad and the closing of the James street crossing. On the 30th day of October, 1934, the common council held a public hearing in the council chambers on the question of the extension of Main street and the creation and relocation of the crossing over Main street and the closing of the James street crossing, and as the result a petition was made to the Public Service Commission.

The relocated crossing asked for would be approximately twice as wide as the existing crossing and four gates would be required and the railroad yard would be curtailed by some four or five cars. Some property owners owning property adjacent to Madison street objected to the relocation of the crossing as recommended by the city because it was believed that the location of the crossing would cause a congestion of traffic. At the time the petition was filed Main street ran to the railroad but did not cross it.

The proposed extension of Main street north of the tracks, beyond the limits of the tracks, would require some of the railroad property, and the railroad raises the question that, in view of the fact of the change of location which involves the taking of the railroad company's property outside of the right of way, there should have been a previous proceeding for the laying out and opening of a new street.

The principal grade separation engineer of the Public Service Commission, who conducted the hearings, gave it as his opinion and recommended that the crossing be relocated, and reported that the railroad company should prepare the necessary plans and estimates of the cost of the work to be carried out, and should relocate the crossing and make the necessary track changes, create the crossing gates, to remove the existing crossing facilities, and barracade James street except the pedestrian subway; that the city of Oneida should perform the necessary work of clearing and grubbing beyond the limits of the crossing as part of the project.

As the result of the report an order was made by the Public Service Commission that the location of the existing crossing on James street of the railroad shall be altered by constructing a crossing at grade at a point located about 114 feet westerly of said existing crossing and on the alignment of Main street, extended in accordance with the plan in evidence and ordering the railroad to make the necessary changes.

After the making of the order the railroad company asked for a rehearing and alleged that the said order is illegal and erroneous and improper, and alleging that the proceeding was improperly brought under section 91 of the Railroad Law and that the Commission was without jurisdiction, which is the sole question before the court on this appeal.

Section 90 of the Railroad Law reads: " New streets across railroads. When a new street, avenue, highway or road or new portion or additional width of a street, avenue, highway or road, or a State or county highway or county road deviating from the line of an existing highway or road, shall hereafter be constructed across a steam surface railroad, other than pursuant to the provisions of section ninety-one of this chapter, such street   *   *   *."

And by section 91 it is enacted: " Alteration of existing crossing. The mayor and common council of any city   *   *   *   having jurisdiction over a street *   *   *   which crosses or is crossed by a steam surface railroad at grade, below grade or above grade by structures heretofore constructed, or any steam surface railroad corporation whose railroad crosses or is crossed by a street   *   *   * at grade, below or above grade, may bring their petition in writing to the Commission having jurisdiction, therein alleging that public safety requires an alteration in the manner of such crossing, its approaches, the method of crossing, the location of the crossing, a change in the existing structure by which such crossing is made, the closing and discontinuance of a crossing and the diversion of the travel thereon to another street, avenue, highway, road or crossing."

No question is raised as to the fact that there was a complete and extended hearing before the order was made at which all parties were present and at which they took part. Evidence was taken from which it was found that public necessity and convenience, coupled with the safe use of the highway by the residents of the city, dictated and required a change in said crossing. The new crossing, as ordered, is safer than the old crossing, and connects with a wider street, and the objection of the railroad on this appeal is purely a technical one.

*Brush* v. *N. Y., N. H. & H. R. R. Co.* (218 N. Y. 264) held that former section 61 of the Railroad Law, now section 90, applies to cases where the street is new or the portion which crosses the steam surface railroad is new. This is a new crossing. The body of the petition did not make reference to any section of the Railroad Law.

A careful reading of the sections and the case cited convinces us that section 90 was the proper section for the reason that the petition required the laying out of a new street and crossing and the closing of the James street crossing.

The Public Service Commission had no jurisdiction, under the evidence in this case, to make the order under section 91 of the Railroad Law and, therefore, the order of the Public Service Commission should be reversed and the order denying a rehearing should be reversed and the petition dismissed, with costs.

McNamee, J., concurs.