Simon H. Kugel, Respondent, *v.* Samuel A. Telsey, Appellant, Impleaded with Gerson C. Young and Others, Defendants.

Second Department, April 26, 1937.

*Samuel A. Telsey*, appellant in person.

*Lloyd B. Kanter* [*Joseph M. O'Donohue* with him on the brief], for the respondent.

Per Curiam. The action is for an accounting of a law partnership. Defendant Telsey interposed three counterclaims which arose out of a partnership between him and plaintiff in certain activities outside the scope of the law partnership. In two of the counterclaims defendant Telsey prays for an accounting, and in the other for the rescission of a written instrument. Plaintiff moved to dismiss the counterclaims on the ground that they may not properly be interposed under section 266 of the Civil Practice Act. The Special Term granted the motion, and dismissed the counterclaims without prejudice.

At the time the motion was made and decided section 266 permitted a cause of action to be interposed as a counterclaim only if it diminished or defeated plaintiff's recovery and if it came within one of the following classifications:

" 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action;

" 2. In an action on contract, any other cause of action on contract existing at the commencement of the action."

A counterclaim based on a partnership accounting has been allowed in some cases and disallowed in others. .(Cf. *Waddell* v. *Darling*, 51 N. Y. 327; *Perlman* v. *Perlman*, 139 Misc. 396; appeal dismissed, 235 App. Div. 317. See, also, same case, Id. 313.) Whether such a counterclaim might properly have been interposed it is unnecessary to determine.

Effective September 1, 1936, that is, while this appeal was pending, the Legislature repealed section 266 *in toto* and substituted therefor another section 266 (Laws of 1936, chap. 324), reading as follows: " Counterclaim defined. A counterclaim may be any cause of action in favor of the defendants or some of them against the plaintiffs or some of them, a person whom a plaintiff represents or a plaintiff and another person or persons alleged to be liable."

Based on the present statute, the counterclaims were properly interposed. The question presented is whether the new statute applies. We believe it does.

Every statute which pertains to the remedy or procedure is retroactive in that it operates upon all pending actions unless they are expressly excepted. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240, 250; *Laird* v. *Carton*, 196 id. 169; *Lazarus* v. *M. E. R. Co.*, 145 id. 581; *Campbell* v. *New York Evening Post, Inc.*, 219 App. Div. 169; *Leake* v. *Hartman*, 137 id. 451; affd., 202 N. Y. 605; *Matter of Ludlow Street*, 59 App. Div. 180; affd., 172 N. Y. 542.) If a statute applicable to pending actions is enacted pending an appeal, the appellate court takes cognizance of it and applies it either for the purpose of affirming or reversing a decree. (*People ex rel. Clark* v. *Gilchrist*, 243 N. Y. 173; *McMaster* v. *Gould*, 240 id. 379; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 id. 271, 281; *Matter of Deth* v. *Castimore*, 245 App. Div. 156 [4th Dept.]; *People* v. *City of Syracuse*, 128 id. 702 [3d Dept.]; 3 Am. Jur. Appeal and Error, § 1157.)

As the counterclaims struck out are properly interposed under the new statute, the order must be reversed, without costs, and the motion denied, without costs, with leave to plaintiff to serve a reply within ten days from the entry of the order hereon.

LAZANSKY, P. J., CARSWELL, DAVIS, JOHNSTON and CLOSE, JJ., concur.

Order granting plaintiff's motion to dismiss certain counterclaims in the amended answer of defendant Telsey reversed on the law, without costs, and the motion denied, without costs, with leave to plaintiff to serve a reply within ten days from the entry of the order hereon.