In the Matter of SAMUEL S. UNDERHILL et al., Respondents, against BOARD OF APPEALS OF THE TOWN OF OYSTER BAY et al., Appellants, and HICKSVILLE

AIRPARK CLUB, Intervener, Appellant.— Proceeding brought by respondents, neighboring property owners, to review the action of appellants, constituting the Board of Appeals of the Town of Oyster Bay, in granting a permit to the Hicksville Airpark Club, the intervener-appellant, to use a thirty-five acre plot of land located in a residential district at the northwest corner of Robbins Lane and the Long Island Rail Road, as an airpark or aviation field. Order of Special Term reversing and annulling the determination of the Board of Appeals, denying said permit, and canceling all permits and certificates predicated thereon, affirmed, with one bill of $50 costs and disbursements. The permit was issued contrary to the provisions of section 249 of the General Business Law. Nor did the board comply with the requirements of subdivision C of section 18 of the Zone Ordinance that it specify the conditions and safeguards pursuant to which the permit was issued. Furthermore, the board's action and the reasons set forth in its return, in granting the permit as to this property, shortly after it had denied a similar application as to property directly across Robbins Lane, demonstrate its action to have been inconsistent, arbitrary and capricious. Lewis, P. J., Hagarty and Sneed, JJ., concur; Carswell, J., dissents and votes to reverse the order appealed from and to confirm the determination of the Board of Appeals on condition that the appellants, within thirty days, obtain a waiver and consent from the Commissioner of Commerce of New York under section 249 of the General Business Law (as amd. by L. 1947, ch. 838) and upon default in obtaining such a waiver and consent to affirm the order. (a) The action of the board in respect of this tract, as compared with the other tract, had a reasonable basis for a different ruling; hence it was not arbitrary as a matter of law. (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 334.) (b) The enactment of chapter 838 of the Laws of 1947 validated, in substance, if that were necessary, the board's action so far as the factor of spacing, etc., was concerned. The board's ruling makes action under the amended statute, so far as the municipality is concerned, a mere formality, and in any event requires affording an opportunity to obtain that formal approval from the Commerce Commissioner. Appellants are entitled to the benefit of this amended statute, under the circumstances, without being required again to go through the proceedings heretofore had. (*Matter of Kahn [National City Bank]*, 284 N. Y. 515; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271; *Kugel* v. *Telsey*, 250 App. Div. 638; *Carpenter* v. *Wabash Ry. Co.*, 309 U. S. 23, 27; McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.] § 54.) In connection with proceeding in good faith with installations, see *Village of Mill Neck* v. *Nolan* (233 App. Div. 248) and *Brous* v. *Town of Hempstead* (272 App. Div. 31, 33). Nolan, J., not voting.