Marcus G. Christ, J.
Defendant moves for summary judgment under rule 113 of the Rules of Civil Practice on the two causes of action remaining in the complaint, the third cause having been disposed of by stipulation.
The first cause of action is to recover a sum of money representing a percentage of the profits of a joint venture for the sale of a product called “ Weatherzone These items cost $21.23 each and the amount claimed by plaintiff for commissions is $38,000 indicating the scope of the operations to have been rather extensive. Nevertheless, plaintiff claims that this is a case of “ simple computation ” falling into the exception to the general rule, that a joint venturer must sue in equity for an accounting and not at law for damages. Judge Townley in 1937 in the case of Bigelow v. McMillin (251 App. Div. 456, 458) stated the exception as follows: “ It has been held in *955 many cases in this State that where there can be no debts or mutual accounts to be adjusted and where there is nothing to be done except to divide the profits or contribute to the losses of a joint venture, there is no reason why an action at law should not be maintained to recover a proportionate share of the loss sustained or profits made.”
In an earlier case Langford v. Delalle (136 Misc. 62, 63 [1930]) the same Judge had set forth the general rule in the following language: ‘ ‘ The rule is well established that neither joint
venturers nor partners can sue each other at law for anything relating to the concerns of the joint enterprise until after a settlement and balance struck and an express promise to pay; that is to say, only after there has been an account stated between them. (Arnold v. Arnold, 90 N. Y. 580; Turner v. Weston, 133 id. 650.) ”
The nature of the transaction in this case plus the three counterclaims by the defendant would seem to preclude treating this case as an exception to the general rule.
The objection to the second cause of action appears sound. Considered as a separate cause of action the agreement to split the profits of the contemplated lawsuit was not supported by any consideration, at least none is alleged. If it is part of the joint venture itself, it is merely an item of damage provable under the first cause of action.
However, the defendant has improperly brought these matters up for review by his motion for summary judgment. Such a motion is not directed to the pleadings. It deals only Avith the question Avhether there are triable issues of fact. Direct attacks upon the complaint are made under rules 106 and 112. (Tripp on Motion Practice, p. 283.) Furthermore, if this were a question of fact, the affidavit of a person having knowledge of the facts would be required to resolve it, not the hearsay affidavit of the attorney.
The motion is denied without prejudice.
Submit order.